```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ARTHUR O. ARMSTRONG,            )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:23-cv-378
                                )
NORTH CAROLINA, CITY            )
OF DURHAM, and CJ DAVIS,        )
                                )
          Defendants.           )

**ORDER**

This matter is before the court for review of the Recommendation ("Recommendation") filed on September 21, 2023, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 299.) The Recommendation was served on the Plaintiff on September 21, 2023. (Doc. 300.) Plaintiff filed a pleading, "Motion for Leave to File Complaint, with Supporting Affidavit and Documentation, in Support and with Objection to Magistrate's Recommendation to Dismiss," which the court construes as an objection to the Recommendation. (Doc. 301.)

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the [M]agistrate [J]udge . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions."

This court has appropriately reviewed the Recommendation and Plaintiff's filing and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation with the following modification. Plaintiff's objection establishes that Plaintiff received and read the Recommendation. (Doc. 301 at 1 ("with objection to magistrate's [sic] judge [sic] recommendation to dismiss").) The Magistrate Judge explained Plaintiff's misconduct, in part, as follows: "Plaintiff has thwarted that limitation on his ability to unreasonably burden the Court by paying the filing fee for one complaint and then filing multitudinous motions each of which presents an additional complaint." (Doc. 299 at 15.)

Plaintiff's objections, (Doc. 301), include a document entitled "Complaint for leave," (id. at 2), which is a new complaint which names different defendants from the original complaint. (Comp. id.; Doc. 1 at 1.) Apparently the recommended sanction is not sufficient to deter Plaintiff from continuing to engage in the abusive conduct so aptly described by the Magistrate Judge in the Recommendation. This court finds Plaintiff's objection to the Recommendation is not only frivolous, but it also evidences a blatant disregard for the

process and orders of the courts of the Middle District of North Carolina that disregard merits an additional sanction. This court will therefore modify the Recommendation and impose a mandatory sanction in the amount of $1,100.00 instead of the recommended $900.00.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 299), is **ADOPTED. IT IS FURTHER ORDERED** that all of Plaintiff's post-Complaint filings in this case, (Docs. 2 - 298) are **STRICKEN** and this action is **DISMISSED** without a certification that an appeal would have any merit.

**IT IS FURTHER ORDERED** that Plaintiff shall pay $1,100.00 as a monetary sanction for his abusive litigation conduct, and that Plaintiff is **ENJOINED** from filing any document with this Court in any case unless and until he first pays any outstanding monetary sanction(s) and further, that any documents submitted to the Court by Plaintiff prior to such payment shall be held for his retrieval or returned to him without docketing.

**IT IS FURTHER ORDERED** that, as a supplement to any other injunction(s) against him, Plaintiff is **ENJOINED** as follows: After paying all outstanding monetary sanctions in full and paying the filing fee for any new action, Plaintiff shall not file any document with the Court other than a (single) complaint, unless and until the Court authorizes any further filing(s) in that case. Any documents submitted to the Court by

Plaintiff prior to any such authorization or beyond the scope of any such authorization shall be held for his retrieval or returned to him without docketing.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 27th day of October, 2023.

                                               */s/ William L. Osteen, Jr.*
                                               United States District Judge